1  Mindy S. Bish, Esq.  SBN 169143
   Stacey R. Cutting, Esq.  SBN 265993
2  BISH LAW
   22505 Market Street, Suite 104
3  Newhall, CA 91321
   Telephone: 661.255.8300/Facsimile: 661.255.8301
4

5  Attorneys for Plaintiff David Sneed

6

7           UNITED STATES DISTRICT COURT OF CALIFORNIA

8                   CENTRAL DISTRICT - WESTERN DIVISION

9

10 DAVID SNEED, an individual,        ) Case No.
                                      )
11                                    ) COMPLAINT:
                  Plaintiffs,         )
12                                    ) ACTION UNDER FEDERAL TORTS
   vs.                                ) CLAIM ACT FOR:
13                                    )
                                      ) 1.  NEGLIGENCE
14                                    )
   UNITED STATES OF AMERICA, and      ) DEMAND FOR A JURY TRIAL
15 DOES 1 THROUGH 20, inclusive,      )
                                      )
16                Defendants.         )
                                      )
17 _____)

18       For a Complaint against Defendant, UNITED STATES OF AMERICA and DOES

19 1 through 20, inclusive (collectively, "Defendants"), plaintiff, DAVID SNEED alleges as

20 follows:

21

22 **I.     JURISDICTION AND VENUE**

23       1.     This action arises under the Federal Torts Claims Act, 28 U.S.C. §§

24 1346(b), 2671-80, as hereinafter more fully appears.

25       2.     Venue is proper in the Central District of California because the negligent

26 acts giving rise to the Federal Tort Claim alleged herein occurred within the Central

27 District of California, and Plaintiff resides within the Central District.  Venue is proper

28 specifically in the Western Division of this District because the negligent acts giving rise

**COMPLAINT FOR DAMAGES**

to the Federal Tort Claim alleged herein occurred within the Western Division of the Central District of California.

## II. GENERAL ALLEGATIONS

### A. THE PARTIES

3. This is an action brought under the Federal Torts Claims Act for personal injuries arising out of an automobile collision between a post office vehicle driven by Bridgette Ann Hawkins and Plaintiff who was traveling in a wheelchair, which occurred on April 17, 2012, on Crenshaw Blvd. and 39th Street, in Los Angeles, State of California (hereinafter "the Automobile collision"). This location is within the Central District of California, Western Division.

4. The true names or capacities of the Defendants, Does 1 through 20, whether individual, corporate, municipal, associate or otherwise, are unknown to Plaintiff at this time, and Plaintiff, therefore, sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Doe Defendants is, in some manner, responsible for the events and happenings herein set forth and caused injury and damages to the Plaintiff as herein alleged.

5. Plaintiff alleges on information and belief that in performing the acts and omissions alleged herein, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment.

### B. FACTUAL BACKGROUND

6. At the time of the Automobile collision, Plaintiff DAVID SNEED was in a motorized wheelchair and was lawfully crossing the intersection at Crenshaw Blvd. and 39th Street in Los Angeles. As Plaintiff was crossing the intersection, a United States Postal vehicle was on 39th street and approached a red light at Crenshaw Blvd. The postal

vehicle was being driven by Bridgette Ann Hawkins. Ms. Hawkins began to make a right turn against a red light onto Crenshaw Blvd.  She did not see Plaintiff and hit him while he was crossing the intersection in his wheelchair. Ms. Hawkins failed to stop on a red light before making a right hand turn in violation of California Vehicle Code section 21453(b), which constitutes negligence per se.

7.	The vehicle being driven by Bridgette Ann Hawkins hit the motorized wheelchair throwing Plaintiff to the ground.

8.	At the time of the collision, Bridgette Ann Hawkins was an employee of the United States Postal Service, an agency of Defendant UNITED STATES OF AMERICA, and was acting within the course and scope of her employment.

9.	If Defendant UNITED STATES OF AMERICA were a private entity or person, defendant would be liable to Plaintiff in accordance with the laws of the State of California.

10.	Pursuant to 28 U.S.C. §2675(a), Plaintiff presented a separate and individual administrative claim to the United States Postal Service.  This claim was presented on or about April 7, 2014, more than six months from the current date.   The United States Postal Service has failed to make a denial or final disposition of this claim, and Plaintiff deems such failure to be a denial of the claim.

**FIRST CLAIM FOR RELIEF**

**NEGLIGENCE**

**(For Personal Injuries, Both Physical And Emotional, and Property Damage)**

11.	 Plaintiff incorporates by reference as though fully set forth herein the contents of paragraphs 1 through 10, inclusive.

12.	Bridgette Ann Hawkins operated a vehicle negligently, without due care, and in violation of the laws of the State of California.

13.	Bridgette Ann Hawkins' negligent operation of a motor vehicle caused the Automobile collision described above, which caused severe and permanent injuries to

Plaintiff.

14. As a result of the negligence described above, Plaintiff DAVID SNEED has received severe physical and emotional injuries. Following this incident, he has continued to suffer from physical symptoms including, but not limited to, head, back, hip, arm, leg groin, pelvic pain, loss of mobility, general decline in function and weight gain. In addition to his physical injuries, DAVID SNEED has suffered, and continues to suffer, severe emotional distress as a result of this incident.

15. As a result thereof, Plaintiff DAVID SNEED has incurred, and will continue to incur, the costs of medical treatment, and will continue to do so in the future, loss of income, past and future, and lost and damaged property. To date, Plaintiff DAVID SNEED has sustained no less than $140,000 in special damages as result of Defendants' negligence. These expenses are ongoing, however, and continue to be incurred. Therefore, the amount stated above is merely Plaintiff's best estimate as to quantum of special damages known to Plaintiff as of the date of the filing of this Complaint. As per Plaintiff's medical care providers and expert consultants, the expected future cost of care is expected to be no less than $50,000. Plaintiff will also be either partially or totally disabled from his injuries.

**PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:**

A. General damages in a sum according to proof;

B. Compensatory damages in a sum according to proof;

C. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other professional services, ambulance services, x-rays, and other medical supplies and services;

D. Loss of income incurred and to be incurred according to proof;

E. Property damage incurred according to proof;

F.     Loss of use of property according to proof;

G.     For interest provided by law; and

H.     Costs of suit and for such other and further relief as the Court deems proper.

Wherefore, and in light of the above, Plaintiff DAVID SNEED demands judgment against Defendants in the sum of $1,100,000.

Dated: February 14, 2017                          BISH LAW

*Stacey R Cutting*
Mindy S. Bish
Stacey R. Cutting
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Dated: February 14, 2017

BISH LAW

*Stacey R Cutting*
Mindy S. Bish
Stacey R. Cutting
Attorneys for Plaintiff